IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL AMON RAH MUHHAMAD ALLAH BEY a/k/a KELLY M. GIBSON, | : : | |
|     Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 21-CV-0685 |
| SIERRA STREETS, *et al.*, | : : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**SLOMSKY, J.**                                                                                                                        **FEBRUARY 24, 2021**

Plaintiff Khalil Amon Rah Muhhamad Allah Bey, also known as Kelly M. Gibson, a pretrial detainee at the Curran-Fromhold Correctional Facility, filed this civil action pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights have been violated in connection with his pending state criminal proceeding. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Bey leave to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as discussed further below.

**I.    FACTUAL ALLEGATIONS**[1]

Bey has been charged with kidnapping for ransom and related offenses in a criminal proceeding that is pending in the Philadelphia Court of Common Pleas. *Commonwealth v. Gibson*, CP-51-CR-0004489-2019 (C.P. Phila.). Bey filed the instant civil action against the following Defendants in their official capacities: (1) Judge Sierra Street, who presided over the

---

[1] The following facts are taken from the Complaint and public records, which the Court may consider in evaluating Bey's claims. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

criminal proceeding for a period of time; (2) Robert Daisy, identified as associated with the Commonwealth and who appears from context to be a prosecutor handling the case against Bey; and (3) Julieanna Bateman, identified as a "defense attorney." (ECF No. 2 at 1.) The docket indicates that Bateman — identified as Julieanne Bateman — served as Bey's attorney, but that he received new counsel. *See Commonwealth v. Gibson*, CP-51-CR-0004489-2019 (C.P. Phila.).

Bey alleges that he filed various pretrial motions and documents in his case, which have not been ruled upon. (*Id.* at 2.) He also alleges that he is being held in violation of his right to a speedy trial, and that he filed a motion to dismiss on that basis. (*Id.* at 3.) Bey generally claims various constitutional defects in his criminal proceeding and alleges that Judge Street erred in failing to grant his numerous motions and petitions. (*Id*. at 3-4.) He also alleges that the "Commonwealth is guilty of false imprisonment," that Judge Street improperly appointed an attorney to represent him when he seeks to represent himself, and that Daisy "continued [his] court hearings without a [subpoena] being issued to [him]." (*Id.* at 5-7.) Bey also avers that the Defendants conspired to interfere with his rights as an "Al-Moroccan nationalist." (*Id.* at 9.) Bey seeks release from incarceration and monetary damages.[2] (*Id.* at 10.)

## II.     STANDARD OF REVIEW

The Court grants Bey leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.[3] Accordingly, 28 U.S.C. §

---

[2] Bey alleges, in passing, that he was assaulted while incarcerated. The Court does not understand him to be raising an independent claim based on this allegation since his Complaint makes clear that the focus is the criminal proceeding itself.

[3] However, as Bey is a prisoner, he is obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court construes Bey's allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Request for Release

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, to the extent Bey seeks release based on the alleged unconstitutionality of his pretrial incarceration, his claims are not cognizable in a civil rights action. *See Wallace v. Fegan*, 455 F. App'x 137, 140 (3d Cir. 2011) (per curiam) ("[Plaintiff's] seeming challenge to pretrial incarceration seeks a remedy available only in habeas."). Claims for release must instead be pursued in a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, after exhausting administrative remedies.

#### B. Claims for Damages

Bey's remaining claims for damages are asserted against the Defendants in their official capacities. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation

was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* For the following reasons Bey's claims are not plausible.

### 1. Claims Against Judge Street in her Official Capacity

Judge Street serves as a judge on the Philadelphia County Court of Common Pleas. Accordingly, the official capacity claim against Judge Street is actually a claim against the Philadelphia County Court of Common Pleas. As part of Pennsylvania's unified judicial system, the Court of Common Pleas shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Bey's claims against Judge Street in her official capacity are barred by the Eleventh Amendment.[4]

### 2. Claims Against Daisy in his Official Capacity

Bey's claims against Daisy in his official capacity are essentially claims against the Philadelphia District Attorney's Office. To state a claim for municipal liability, a plaintiff must

---

[4] Had Bey raised these claims against Judge Street in her individual capacity, the claims would have failed under the doctrine of absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). As nothing in the Complaint suggests that a policy or custom of the Philadelphia District Attorney's Office caused a violation of Bey's rights, he has not stated a claim against Daisy in his official capacity.[5]

### 3. Claims Against Bateman in her Official Capacity

Bateman served as Bey's defense counsel for a period of time. It is not clear whether Bateman is a public defender or whether she is employed as a private attorney. "Generally, a suit against [a] public officer in his or her official capacity is used to compel that officer to take some official action . . . [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit." *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F. Supp. 2d 791, 796 (D. Del. 2012). So, if Bateman is a private attorney, she is not a state actor and there is also no basis for an official capacity claim against her. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). In the event Bateman is a public defender, public defenders are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted), so their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context. *See Dorn v. Aguilar*,

---

[5] Had Bey raised these claims against Daisy in his individual capacity, the claims would have still failed under the doctrine of absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

645 F. App'x 114, 115 (3d Cir. 2016) (per curiam) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (per curiam) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk*)). Assuming a public defender's office could be a state actor in this context, Bey has in any event failed to allege a policy or custom that led to a violation of his constitutional rights that would support a basis for municipal liability.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Bey leave to proceed *in forma* pauperis and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bey's claims seeking release will be dismissed without prejudice to him pursuing those claims in a *habeas* petition filed under 28 U.S.C. § 2241.[6] Bey's official capacity claims for damages against Judge Street will be dismissed with prejudice, because amendment of those claims would be futile, and dismissal of Bey's remaining official capacity claims will be dismissed without prejudice to Bey filing an amended complaint. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.

---

[6] If Bey pursues a *habeas* relief, he must initiate a new case by filing a petition for a writ of *habeas corpus* under § 2241 accompanied by either payment of the $5 fee or a motion for leave to proceed *in forma pauperis* if he cannot afford to pay the $5 fee.